15-3419 (L)
Acme Am. Refrigeration, Inc. v. Katzenberg

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand sixteen.

PRESENT: DENNIS JACOBS,
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
ACME AMERICAN REFRIGERATION, INC.,
ACME AMERICAN REPAIRS, INC., ACME
AMERICAN ENVIRONMENTAL CO., INC.,
      <u>Plaintiffs-Appellants-</u>
      <u>Cross-Appellees</u>,

ACME COMMERCIAL KITCHEN DESIGN, INC.,
ACME PACIFIC REPAIRS, INC., BANA PARTS,
INC., BANA PARTS COMMERCIAL KITCHEN,
INC.,
      <u>Plaintiffs-Appellees</u>,

      -v.-                 15-3419 (L), 16-741(XAP)

PEARL KATZENBERG f/k/a PEARL FEUER,
HARVEY KATZENBERG,

1

**Defendants-Counter-Claimants,**

**LAW OFFICE OF VINCENT D. MCNAMARA,**
        **Appellee-Cross-Appellant.**


- - - - - - - - - - - - - - - - - - - - -X


**FOR APPELLANTS-CROSS-APPELLEES:** MIKHAIL RATNER, Law Office of Mikhail Ratner, New York, NY.

**FOR APPELLEE-CROSS-APPELLANT:**  HELEN M. BENZIE, Law Office of Vincent D. McNamara, East Norwich, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Acme American Refrigeration, Inc., Acme American Repairs, Inc., and Acme American Environmental Co., Inc. ("Acme") appeal from the judgment of the United States District Court for the Eastern District of New York (Mauskopf, J.) awarding attorney's fees to the Law Office of Vincent D. McNamara ("Law Office"). Law Office cross-appeals on the ground that the award did not include prejudgment interest. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In a nutshell, Law Office represented Acme and its principals on retainer in a series of related legal disputes from 2006 to 2014, in multiple states and courts. All the proceedings concerned alleged egregious misconduct by Acme's former president, Harvey Katzenberg, and his wife, Pearl, in their dealings with Acme and Acme's principals. Acme's present lawsuit alleges that the Katzenbergs defrauded Acme and non-party insurance carriers.

When the attorney-client relationship began to break down in or around 2010, Acme allegedly stopped making timely, full retainer payments. Eventually, beginning in 2013, Law Office

moved to withdraw as Acme's counsel and to set its fees for work performed in the present lawsuit and the related legal disputes. The magistrate judge granted the motion to withdraw and recommended that Law Office's fees be set at $277,674.09, based on the magistrate judge's review of billing records and a determination as to how much of the billed work for related disputes was properly awarded in the present lawsuit. The magistrate judge also assessed the quality of Law Office's representation and considered the reasonableness of Law Office's billing rates. The district judge rejected Acme's numerous objections and adopted the magistrate judge's report and recommendation in full. Acme appeals from the fee award; Law Office appeals from the lack of prejudgment interest.

We review an award of attorney's fees for abuse of discretion. In re Bank of Am. Corp. Sec., Deriv., & ERISA Litig., 772 F.3d 125, 134 (2d Cir. 2014); see also Alderman v. Pan Am World Airways, 169 F.3d 99, 102 (2d Cir. 1999). "Indeed 'abuse of discretion' – already one of the most deferential standards of review – takes on special significance when reviewing fee decisions." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 47 (2d Cir. 2000). We also review the decision whether to award prejudgment interest for abuse of discretion. Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO, 955 F.2d 831, 833–34 (2d Cir. 1992). A district court abuses discretion if its decision rests on an error of law or a clearly erroneous factual finding, or "cannot be located within the range of permissible decisions." McDaniel v. Cty. of Schenectady, 595 F.3d 411, 416 (2d Cir. 2010) (citation and internal quotation marks omitted).

There was no abuse of discretion in awarding Law Office $277,674.09 in fees or in declining to grant prejudgment interest on that award. The magistrate judge's report and recommendation carefully examined Law Office's billing records and rates for their adequacy, reasonableness, and relevance to the present lawsuit. The district judge considered Acme's objections and adopted the report and recommendation in its entirety under both clear error and de novo review. We cannot say that the district judge abused her discretion in rejecting Law Office's bid for prejudgment interest, raised for the first time long after the attorney's fees were awarded.

3

Accordingly, and finding no merit in Acme's or Law Office's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK